Nikola VULJAJ, Ljindita Vuljaj, Petitioners,

v.

Michael B. MUKASEY,[1] Attorney General, Respondent.

No. 07–1908–ag.

United States Court of Appeals, Second Circuit.

Jan. 28, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for- mer Attorney General Alberto Gonzales as the respondent in this case.

Gregory Marotta, Law Office of Gregory Marotta, Vernon, New Jersey, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Jeffrey J. Bernstein, Senior Litigation Counsel, Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

Petitioners Nikola and Ljindita Vuljaj, both natives of Montenegro in the former Yugoslavia,[2] seek review of an April 11, 2007 order of the BIA affirming the November 14, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo, denying their applications for asylum and withholding of removal. *In re Ljindita Vuljaj, Nikola Vuljaj,* Nos. A72 413 523, A29 445 544 (B.I.A. Apr. 11, 2007), *aff'g* Nos. A72 413 523, A29 445 544 (Immig. Ct. N.Y. City Nov. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. *See Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ In this case, the agency did not err in finding that the evidence of changed country conditions in Montenegro under-

---

**2.** Petitioners' country has undergone many name changes between the time they left and the time they filed their petition for review. When Nikola left in 1987, Montenegro was part of the Socialist Federal Republic of Yugoslavia. *See* The World Factbook, Montenegro, at https://www.cia.gov/cia/publications/factbook/geos/mj.html (last updated Dec. 6, 2007). In 1995, when Ljindita left, it had become a part of the Federal Republic of Yugoslavia. *Id.* In 2003, the Federal Republic of Yugoslavia renamed itself Serbia–Mon-

tenegro. *Id.* However, Montenegro became an independent state following a referendum in June 2006. Although Petitioners have been ordered removed to "Serbia & Montenegro," a country that no longer exists, remand to the BIA is not required where the designation was not error at the time. We presume that the agency will modify the order of removal to specify the country to which Petitioners are to be removed. *See* 8 U.S.C. § 1231(b)(2); *Jama v. ICE,* 543 U.S. 335, 338–41, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005).

mined the petitioners' claim of a well-founded fear of future persecution. A showing of past persecution creates a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). However, that presumption may be rebutted where the government establishes a fundamental change in country conditions. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir. 2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir. 2007). In this case, the government successfully rebutted the presumption that petitioners had a well-founded fear of future persecution by submitting into the record evidence of fundamentally changed conditions in Montenegro.

The IJ engaged in a sufficient analysis and discussion of the background materials to support his finding that conditions had fundamentally changed in Montenegro. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006). The petitioners' contention that the IJ ignored the expert affidavit they submitted into evidence is belied by the IJ's decision which discusses the findings contained in the affidavit in detail. In denying relief, the IJ noted that both the State Department Country Report for Serbia/Montenegro and the petitioners' own expert affidavit offered no evidence that the persecution of ethnic Albanians persists in that region. *See Kanacevic v. INS,* 448 F.3d 129, 138 (2d Cir.2006). The IJ reasonably concluded that the affidavit submitted by the petitioners' expert indicated, at most, that ethnic Albanians in Montenegro are subject to discrimination, and it is well-established that mere discrimination does not rise to the level of persecution, *see Hoxhallari,* 468 F.3d at 184; *Bastanipour v. INS,* 980 F.2d 1129, 1133 (7th Cir.1992).

The petitioners' argument that the agency placed excessive reliance on the State Department report on Serbia/Montenegro also fails. While we have warned the agency against relying too heavily on State Department reports, *see Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004), we have also found that such reports are probative of an applicant's claims, *see Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir. 2006). In this case, the agency's determination that the presumption of a well-founded fear of future persecution was rebutted by evidence of changed country conditions was supported by the record as a whole. Accordingly, the agency did not err in denying the petitioners' applications for asylum and withholding of removal. *See Hoxhallari,* 468 F.3d at 187; *Kanacevic,* 448 F.3d at 138.

■ Finally, the agency did not err in denying humanitarian relief based on the severity of the petitioners' past persecution. A grant of humanitarian asylum requires a showing of "severe harm and the long-lasting effects of that harm" for a grant of humanitarian asylum. *See Matter of N–M–A–,* 22 I. & N. Dec. 312, 326 (B.I.A.1998); *Jalloh v. Gonzales,* 498 F.3d 148, 151–52 (2d Cir.2007). The BIA did not err in concluding that Petitioners had failed to demonstrate the type of long-lasting physical and psychological effects that would warrant the grant of relief on the basis of past persecution alone. *See Jalloh,* 498 F.3d at 151–52.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.